Filed 5/31/24  Bay View Community DE v. Marina Coast Water District CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| BAY VIEW COMMUNITY DE, LLC, et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> MARINA COAST WATER DISTRICT, et. al., <br><br> Defendants and Appellants. | H050456 <br> (Monterey County <br> Super. Ct. No. 18CV000765) |

## THE COURT[1]

In a dispute between appellants Marina Coast Water District and Board of Directors of Marina Coast Water District (collectively the District) and respondents Bay View Community DE, LLC, Bryan Taylor, Greg Carter, Brooke Bilyeu, Francis Perez, Theresa Perez, Rosie Telles, and Chris Manuel (collectively Bay View), over the provision and cost of water services to a mobile home park the trial court entered a final judgment granting declaratory relief and Bay View's petition for writ of mandate following a three-phase trial.  After the District noticed the instant appeal, the parties agreed to settle their dispute.  Pursuant to their settlement agreement, the parties jointly moved for summary reversal of the judgment, to the extent the trial court determined that the District owned, and was responsible for maintaining, a specified water delivery

---

[1] Before Greenwood, P. J., Bamattre-Manoukian, J. and Danner, J.

system. We grant the motion and reverse the judgment pursuant to the stipulation of the parties.

## I. PROCEDURAL BACKGROUND

After the record was filed in the instant appeal, but before briefing commenced, the parties filed a joint request to stay the appeal pending settlement discussions, which this court granted. The parties filed a notice of settlement in November 2023, followed by the motion for stipulated reversal of the September 2022 judgment. The parties agreed that Bay View, not the District, owns the subject water delivery system and is responsible for its maintenance. To effectuate this agreement, the parties request that we reverse that portion of the judgment which found that the District owns the system.

## II. DISCUSSION

In their joint motion, the parties request that we summarily reverse paragraph 4 of the final judgment. The reason that the parties seek a summary reversal, as outlined in the request and stipulation for reversal, is that the parties have resolved their dispute in its entirety and agree that the reversal of paragraph 4 of the final judgment is necessary to effectuate their agreement, and that further briefing or argument in this appeal would be unnecessary based on their settlement.

The parties' joint motion supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).) For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. Summary reversal of the judgment will place the parties in the same position they would be in if the appeal were successfully prosecuted to completion, and will save both private and judicial resources because it will obviate the need for additional briefing by the parties and review of the record by this court. The public interest is served by a speedy resolution of this appeal because it will conserve judicial resources.

This court further finds that the parties' grounds for requesting reversal are reasonable. The parties both correctly recognize that the reversal of the judgment as set forth in the joint motion resolves the remaining issues in the appeal. These grounds outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Public trust in the courts is enhanced, not eroded, when parties agree that further litigation is unnecessary. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

### III.   DISPOSITION

The September 21, 2022 nunc pro tunc final judgment granting declaratory relief and petition for writ of mandate is reversed pursuant to the stipulation of the parties. The parties shall bear their own costs on appeal. The remittitur shall issue forthwith.